## HARRISON & Others *v.* MERRITT, Collector.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted November 18, 1885.—Decided December 7, 1885.

Bone-black, imported for use in decolorizing sugar, in the process of manufacturing it, made by subjecting bones after they were steamed and cleaned, to destructive distillation by heat, in close vessels, until everything but the inorganic matter was expelled, and then crushing the residuum, and assorting the pieces into proper sizes, was liable to a duty of 25 per cent. ad valorem, as "black of bone," under Schedule M, section 2504, of the Revised Statutes, p. 473, 2d Ed., and was not exempt from duty, as bones "burned" or "calcined," under "The Free List," in section 2505, p. 483, 2d Ed., nor subject to a duty of 35 per cent., as "manufactures of bones," under Schedule M of section 2504, p. 474, 2d Ed.

The facts are stated in the opinion of the court.

*Mr. Charles C. Suydam* and *Mr. Henry E. Davies* for plaintiffs in error.

*Mr. Attorney-General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action brought in November, 1881, by the members of the firm of Harrison, Havemeyer & Co., against Edwin A. Merritt, collector of the port of New York, in a court of the State of New York, and removed into the Circuit Court of the United States for the Southern District of New York, to recover back duties exacted, in May and June, 1881, at the rate of 25 per cent. ad valorem, on imported merchandise, some of which was invoiced as "animal charcoal," some as "calcined bones," and some as "burnt bones." The duty was exacted on the view that the article fell under the head of "black of bone, or ivory drop black: twenty-five per centum ad valorem," in Schedule M of Rev. Stat. § 2504, p. 473, 2d Ed. The defendants contended that it fell within "The Free List" in § 2505, and was exempt from duty, p. 483, 2d Ed., as "bones, crude and not manufactured; burned; calcined; ground; or steamed." Schedule M of § 2504, p. 474, 2d Ed., imposed a duty of 35 per centum ad valorem on "manufactures of bones, horn, ivory, or vegetable ivory;" and "The Free List," § 2505, p. 482, 2d Ed., exempted from duty "bone dust and bone ash for manufacture of phosphates and fertilizers." At the trial, before a jury, the evidence showed that the article in question, which was black, was to be used to decolorize sugar, in the process of manufacturing it; that it was made by subjecting bones, after they were steamed and cleaned, to destructive distillation by heat in close vessels, until everything but the inorganic matter was expelled, and then crushing the residuum, and assorting the pieces into proper sizes; and that calcined or burned bones were prepared by subjecting them, in open vessels, to the direct action of fire, and thus rendering them friable, so that they became bone-ash, which was not black. On these facts the court held that the article was not burned or calcined bones, and free, but had been

manufactured into bone-black. A refusal by the court to direct a verdict for the plaintiffs was excepted to, and it directed a verdict for the defendant, which was also excepted to. After such verdict and a judgment for the defendant, the plaintiffs have brought a writ of error.

We are of opinion that the article was not free, nor liable to a duty of 35 per cent. as a manufacture of bones, but that, being bone-black, it was liable, as " black of bone," to the duty imposed on it; and that it was proper to direct a verdict for the defendant.

Objection was made to the admission of evidence to show the difference in value between bone-black and crude bone; and that between bone-black and white calcined bone-ash; and that between bone-black before its use by sugar refiners and after it was spent. We see no good objection to the evidence. It went to show the character of the article in question.

*Judgment affirmed.*